United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDITH DOLLAGA,<br><br>   Plaintiff,<br><br> v.<br><br>SPECIALIZED LOAN SERVICING LLC, et al.,<br><br>   Defendants. | Case No. 20-cv-07472-JSC<br><br>**ORDER RE: GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>Re: Dkt. Nos. 7, 9 |

Judith Dollaga filed this civil action in the Alameda County Superior Court alleging violations of state law in connection with the servicing of her home loan. Defendants thereafter removed the action to this Court based on federal question jurisdiction.[1] Plaintiff's motion to remand and Defendants' motion to dismiss under Rule 12(b)(6) are now pending before the Court. (Dkt. Nos. 7, 9.) After carefully considering the parties' briefs and the relevant legal authority, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), VACATES the December 17, 2020 hearing, and GRANTS Plaintiff's motion for remand. Plaintiff's complaint includes only state law claims such that there is no basis for federal question jurisdiction. Defendants' motion to dismiss is therefore DENIED AS MOOT.

**BACKGROUND**

Plaintiff filed this action in the Alameda County Superior Court on August 31, 2020. (Dkt.

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 4, 6.)

No. 1-1.[2]) Plaintiff'' complaint asserts nine claims under state law. Defendant Specialized Loan Servicing LLC was served by personal service on September 22, 2020. (Dkt. No. 10 at ¶ 1; Dkt. No. 10-1.) Defendant Gulf Harbor Investments Corporation was served by personal service the following day. (Dkt. No. 10 at ¶ 3; Dkt. No. 10-2.) On October 23, 2020, Defendants filed a notice of removal, removing the action to this Court based on federal question jurisdiction. (Dkt. No. 1.) Less than a week later, Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 7.) Plaintiff thereafter filed the underlying motion to remand and an opposition to the motion to dismiss. (Dkt. Nos. 9, 12.) Both motions are now fully briefed.

## DISCUSSION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for 'federal question' jurisdiction, § 1332 for 'diversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (internal brackets omitted).

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A defendant seeking removal to federal court "bears the burden of establishing that removal is proper," and the "removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992); see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Defendants' Notice of Removal alleges that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because "the complaint alleges claims for relief that arise

---

[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

under the Federal Fair Debt Collection Practices Act." (Dkt. No. 1 at ¶ 4.)  In opposition to the motion to remand, Defendants contend that in addition to federal question jurisdiction, removal was proper based on diversity jurisdiction.  (Dkt No. 14 at 8-12.)  Defendants, however, have not sought to amend the Notice of Removal to add this basis for removal, nor could they as the 30-day window for doing so has run.  *See O'Halloran v. Univ. of Washington*, 856 F.2d 1375, 1381 (9th Cir. 1988) ("The petition cannot be amended to add a separate basis for removal jurisdiction after the thirty day period."); *see also ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Montana*, 213 F.3d 1108, 1117 (9th Cir. 2000) (citing 16 MOORE'S FEDERAL PRACTICE § 107.30[2][a][iv] ("[A]mendment may be permitted after the 30–day period if the amendment corrects defective allegations of jurisdiction, but not to add a new basis for removal jurisdiction.")).  There is no suggestion here that Defendants are seeking to correct defective allegations as opposed to arguing a different basis for jurisdiction in the event the first basis is found unavailing.  The Court will not consider Defendants' additional basis for removal offered for the first time in their opposition brief.  *See Rader v. Sun Life Assur. Co. of Canada*, 941 F. Supp. 2d 1191, 1196 (N.D. Cal. 2013) ("The notice of removal cannot be amended to add new bases for removal after the thirty day removal period has run, nor can a defendant present new grounds for removal for the first time in opposition to a motion for remand.").

### A. Federal Question Jurisdiction

Federal question jurisdiction under Section 1331 requires a civil action to arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Ordinarily, the existence of federal question jurisdiction is determined from the face of the complaint." *Ultramar Am. Ltd. v. Dwelle*, 900 F.2d 1412, 1414 (9th Cir. 1990). Thus, "[u]nder the longstanding well-pleaded complaint rule, ... a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Vaden v. Discover* Bank, 556 U.S. 49, 60 (2009) (internal quotation marks and citation omitted) (alteration in original). A suit is based on federal law if "federal law creates the cause of action or ... the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. For S. Cal.*, 463 U.S. 1, 27-28 (1983). Plaintiff argues that

1  federal question jurisdiction is lacking because the complaint pleads only state law causes of
2  action. The Court agrees.
3        Plaintiff's complaint seeks damages and injunctive relief for: (1) breach of contract; (2)
4  breach of the implied covenant of good faith and fair dealing; (3) intentional interference with
5  contract; (4) unfair business practices, Cal. Bus. & Prof. Code § 17200; (5) fraud; (6) negligence;
6  (7) false promise; (8) negligent misrepresentation; and (9) violation of the Rosenthal Fair Debt
7  Collection Practices Act.  (Dkt. No. 1-1.)  Defendants' Notice of Removal contends that federal
8  question exists because "the complaint alleges claims for relief that arise under the Federal Fair
9  Debt Collection Practices Act." (Dkt. No. 1 at ¶ 4.)  Defendants do not specify which claim, but
10 the parties agree that Defendants are referring to Plaintiff's Rosenthal Act claim which does refer
11 to the FDCPA—the Fair Debt Collection Practices Act.  (Dkt. No. 1-1 at ¶¶ 153, 156, 157.)
12       While "[t]he Rosenthal Act mimics or incorporates by reference the FDCPA's
13 requirements[] and makes available the FDCPA's remedies for violations," *see Riggs v. Prober &*
14 *Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012), courts in the Ninth Circuit have consistently
15 rejected the argument that mere reference to the FDCPA in the context of a Rosenthal Act claim
16 confers federal question jurisdiction. *See Ghalehtak v. Fay Serv. LLC*, No. 18-cv-02306-PJH,
17 2018 WL 2553570, at *2 (N.D. Cal. June 4, 2018) (collecting cases); *see also Nevada v. Bank of*
18 *Am. Corp.*, 672 F.3d 661, 674-75 (9th Cir. 2012) (finding action was not removable on federal
19 question grounds where complaint referenced violations of the FDCPA only in the context of its
20 claim under Nevada's Deceptive Trade Practices Act).   Defendants have not cited any cases
21 finding otherwise and this Court finds that the district court caselaw on this issue is on point and
22 persuasive, especially given that the "removal statute is strictly construed against removal
23 jurisdiction." *See Placer Dome, Inc.*, 582 F.3d at 1087.
24       Accordingly, federal question jurisdiction does not exist and thus subject matter
25 jurisdiction is lacking.
26     **B.  Attorneys' Fees**
27       Plaintiff seeks $6,9995 in attorneys' fees under 28 U.S.C. § 1447(c). District courts have
28 discretion following issuance of an order remanding a removed case to state court to "require

4

payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. § 1447(c); *see also Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005) (noting that "an award of fees under § 1447(c) is left to the district court's discretion"). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin*, 546 U.S. at 140. Thus, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id*. at 141.

The Court declines to award attorneys' fees here. Although ultimately unpersuasive, Defendants' arguments are not so objectively unreasonable as to warrant an award of attorneys' fees. *See Lussier v. Dollar Tree Stores, Inc*., 518 F.3d 1062, 1065 (9th Cir. 2008) (noting that while "[t]here is no question that [defendant's] arguments were losers[,] ... removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted"). While district courts have declined to find federal subject matter jurisdiction based on the Rosenthal Act's incorporation in part of the requirements and remedies of the FDCPA, there is no Ninth Circuit case which so holds and Plaintiff has not pointed to a single case awarding attorneys' fees under these circumstances. *See Yhudai v. Mortg. Elec. Registration Sys., Inc*., No. CV1505035MMMJPRX, 2015 WL 5826777, at *9 (C.D. Cal. Oct. 2, 2015) (declining to award attorneys' fees where defendants removed based on a similar theory regarding federal question jurisdiction over a Rosenthal Act claim); *Roop v. Citimortgage, Inc*., No. 12-00640CJC (FFMX), 2012 WL 13015019, at *2 (C.D. Cal. June 14, 2012) (same).

## CONCLUSION

For the reasons stated above, Plaintiff's motion to remand is GRANTED. Defendants' motion to dismiss is DENIED AS MOOT. This action is remanded to the Alameda County Superior Court.

This Order disposes of Docket Nos. 7 and 9.

**IT IS SO ORDERED.**

Dated: December 11, 2020

JACQUELINE SCOTT CORLEY
United States Magistrate Judge